I must respectfully dissent in this matter. The legal concept in this age discrimination case is not new, and the facts of this case are not unique. I respectfully suggest, however, that the trial court improperly applied these facts to the law.
As correctly stated in its judgment entry, the trial court found that appellee, Nationwide, "was restructuring its Ohio Sales Territories, cutting the number of Agency Managers by over one-fourth." By definition, therefore, the class of individuals to be affected by this downsizing was the managers in Ohio. Rather than focus on this class of individuals, however, the trial court narrowly focused on the age of the manager hired to fill the vacancy in Painesville, Ohio. By so doing, the trial court then found that, since that particular replacement was over the age of forty, appellant had failed in his effort to demonstrate aprima facie case of age discrimination.
Discrimination in all its varieties is rarely easily demonstrated or proven. That fact, alone, however, does not relieve a court from performing an adequate inquiry as to all the facts surrounding an arguably discriminatory action. Appellant had a nearly flawless career with Nationwide for nearly thirty years where he was found to "significantly exceed" all requirements. He was terminated in 1998, after twenty-eight years of exceptional service under the umbrella of a corporate "re-structuring." In that corporate re-structuring, younger managers were both retained and transferred within the Ohio district. No transfer was offered to this aging twenty-eight-year employee.
In McDonnell Douglas[1] the United States Supreme Court established that the initial inquiry into a discrimination case is always whether or not the employee has established a prima facie case of discrimination. Not a persuasive case, nor one beyond a reasonable doubt but a primafacie case. The logic is simple, unassailable, and proven by time. If there is no case in the beginning, there will be none in the end. Therefore, to get the proverbial ball rolling, the aggrieved party must demonstrate a set of facts which point to discrimination.
In the subject case, the facts are overwhelming that the appellant was: (1) over forty; (2) an exceptional employee; (3) terminated; and (4) not offered another position in Ohio when younger employees were. It is beyond question that those four facts, standing alone, establish a primafacie case of age discrimination. Our analysis need go no further.
Appellant is entitled to his day in court. If his performance had so badly deteriorated in his twenty-ninth year of employment, then the employer may prevail when called upon to demonstrate a legitimate non-discriminatory reason for his dismissal. However, merely demonstrating that the Painesville office is still occupied by an older individual will not carry the day. The appellant carried his burden, and the trial court erred, as a matter of law, when they found that he had not.
[1] McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792.